IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Calvin Simmons,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-14-1415-PHX-SRB (DKD)<br><br>**AMENDED<br>REPORT AND RECOMMENDATION<br>and ORDER** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

　　Wayne Calvin Simmons filed a petition for writ of habeas corpus on June 23, 2014, challenging his convictions in Maricopa County Superior Court for multiple felonies arising out of his sexual contact with minors.  His habeas petition raises 18 claims related to grand jury proceedings, misconduct by different lawyers, and abuses of discretion by various judges.  As explained below, the Court recommends that Simmons' petition be denied and dismissed with prejudice.

## BACKGROUND

　　On February 26, 2009, at the conclusion of a four day trial in the Maricopa County Superior Court, a jury found Simmons guilty of 19 felonies arising out of his sexual contact with minors. (Doc. 18, Ex. C)  On April 3, 2009, the court sentenced Simmons to presumptive sentences; three sentences were life with no possibility of parole, three sentences were concurrent, and the remaining 16 sentences were consecutive. (Doc. 18, Ex. D)

Simmons timely appealed; his counsel found no arguable issues of law and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). (Doc. 18, Ex. E) Simmons did not file a *pro per* brief. (Doc. 18, Ex. P) On December 22, 2009, the Court of Appeals filed its memorandum decision affirming Simmons' conviction. (Doc. 18, Ex. F) Simmons did not move for reconsideration and he did not petition the Arizona Supreme Court for review. (Doc. 18, Exs. F, R)

On January 27, 2010, Simmons filed a Notice of Post-Conviction Relief and he was appointed counsel. (Doc. 18, Ex. G) On January 10, 2011, Simmons' counsel notified the Court that he was unable to raise any viable issues and would not file a Petition. (Doc. 18, Ex. H) The Court set an extended briefing deadline so that Simmons could file a *pro per* Petition. (Doc. 18, Ex. I) On March 9, 2011, Simmons filed a motion that the Court accepted and interpreted as his Petition but then struck for noncompliance with the requirements of Arizona Rule of Criminal Procedure 32. (Doc. 18, Ex. K) Simmons was permitted to refile his Petition and he did. (Doc. 1, Ex. A, Doc 18, Ex. L) The State requested and received additional time to file a response.[1] (Doc. 1, Exs. C, D, E) After the State filed its response, Simmons replied. (Doc. 18, Exs. M, N, O) On September 18, 2012, the Superior Court denied Simmons' Petition because his claims either (1) could have been raised on appeal but were not, (2) were unsubstantiated and/or generalizations, or (3) were unsupported by the law. (Doc. 18, Ex. P)

On October 17, 2012, to challenge the Superior Court's denial, Simmons filed a Petition for Special Action in the Arizona Supreme Court. (Doc. 21, Ex. J) On January 30, 2013, the Supreme Court ordered the dismissal of his Petition because it did not

---

[1] In response to the Court's granting of an extension to the State, Simmons filed several objections in the Superior Court (Doc. 1, Exs. G, H, I, J) and a special action in the Arizona Court of Appeals. (Doc. 1, Ex. K; Doc. 21, Ex. I) On January 24, 2012, the Court of Appeals declined to accept jurisdiction. (Doc. 1, Ex. L; Doc. 21, Ex. I) On May 17, 2013, Simmons filed a petition for special action in the Arizona Supreme Court challenging the Court of Appeals' decision to decline jurisdiction. (Doc. 21, Ex. K) On August 28, 2013, the Supreme Court dismissed his petition as untimely and in violation of Rule 8(b), Rules of Procedure for Special Actions. (Doc. 21, Ex. K)

comply with Arizona Rules of Criminal Procedure 32.3 and 32.9(c), and Arizona Rule of Procedure for Special Actions 7(b).  (Doc. 21, Ex. J)

On April 2, 2013, Simmons filed a motion in the Court of Appeals requesting the untimely review of his Rule 32 Petition.  (Doc. 1, Ex. G)  The Court of Appeals sent the motion to the Superior Court where it was denied.  (Doc. 1 at 5, Ex. G)

On April 4, 2013, Simmons filed a petition for review in the Court of Appeals. (Doc. 18, Ex. Q)  On April 10, 2013, the Court of Appeals dismissed his petition as untimely under Arizona Rule of Criminal Procedure 32.9(c).  (Doc. 18, Ex. Q)

On June 23, 2014, Simmons filed[2] a Petition for Writ of Habeas Corpus in this Court.  (Doc. 1)  His Petition raises 18 separate claims; actual innocence is not one of them.[3]  Respondents contend that his Petition is untimely and that he is not entitled to equitable tolling.  (Doc. 18)  The Court agrees and recommends that this Petition be denied and dismissed with prejudice.

**<u>Simmons' Petition is Untimely.</u>**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other

---

[2] Simmons signed his Petition on June 20, 2014.  (Doc. 1 at 65)  The difference between the signature date and the filing date is immaterial here.

[3] The claims are:  (1) Denial of counsel during Grand Jury Indictment; (2) Failure to timely file indictment transcripts; (3) Counts 16, 17, and 19 were beyond the statute of limitations; (4) Impositions of "multiplictious" sentences; (5) Untruthful testimony presented to Grand Jury; (6) Fifth Amendment violations for Counts 16, 17, and 19; (7) Abuse of discretion by trial judges and presiding judge; (8) Trial court conducted and secured an illegal [Rule] 404(c) procedure; (9) Multiple insufficiencies in indictment; (10) Illegally conducted trial; (11) Ineffective, incompetent, and professional misconduct by State's attorneys; (12) Prosecutorial misconduct; (13) Ineffective and incompetent assistance of Court of Appeals panel; (14) Court of Appeals' failure to inform him; (15) Prosecutorial misconduct by Rule 32 prosecutor; (16) Abuse of discretion by Rule 32 court; (17) Abuse of discretion by Rule 32 management unit judge; and (18) Deprivation of due process right to "Prohibition."

1  collateral review with respect to the pertinent judgment or claim is pending" in the State
2  courts. 28 U.S.C. § 2244(d)(2).

3  Simmons' conviction became final on January 21, 2010, the expiration of the time
4  period to petition the Arizona Supreme Court for review of his direct appeal. *Hemmerle*
5  *v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) ("direct appeal [i]s final upon the
6  expiration of the time for seeking review of the Court of Appeals decision in the Arizona
7  Supreme Court"). Simmons timely filed a Notice for post-conviction relief which tolled
8  his period of limitations under Section 2244(d)(2). *Isley v. Ariz. Dept. of Corrections*,
9  383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona post-
10 conviction rules demonstrate that the proceedings begin with the filing of the Notice.")

11 The Superior Court dismissed Simmons' Petition on September 18, 2012. This
12 means that he had to petition the Arizona Court of Appeals for review by October 25,
13 2012. Ariz. R. Crim. P. 32.9(c) ("Within thirty days after the final decision of the trial
14 court on the petition for post-conviction relief or the motion for rehearing, any party
15 aggrieved may petition the appropriate appellate court for review of the actions of the
16 trial court."); *State v. Savage*, 117 Ariz. 535, 536, 573 P.2d 1388, 1389 (1978) (adding
17 five business days under Ariz. R. Crim. P. 1.3 to mailing requirement for petitions for
18 review under Rule 32).

19 Instead, on October 17, 2012, Simmons filed a special action in the Arizona
20 Supreme Court challenging the Superior Court's dismissal of his Petition. Special
21 actions are not "applications for State post-conviction or other collateral review with
22 respect to the pertinent judgment or claims within the meaning of § 2244(d)(2)."
23 *Hardiman v. Galaza*, 58 Fed. Appx. 708, 710 (9th Cir. 2003). *See also Stewart v. Ryan*,
24 2014 WL 1628368, at *3 (D. Ariz. Apr. 24, 2014); *Casteel v. Ryan*, 2013 WL 3805135,
25 at *7 (D. Ariz. July 19, 2013); *Conway v. Ryan*, 2012 WL 786326, at *4 (D. Ariz. Feb. 9,
26 2012); *Dema v. Arizona*, 2008 WL 2941167, at *11 (D. Ariz. July 25, 2008); *Pollard v.*
27 *Schriro*, 2006 WL 3512037, at *4 (D. Ariz. Dec. 6, 2006).

28

1    In April 2013, Simmons filed two pleadings in the Arizona Court of Appeals. Both of these pleadings were treated as untimely requests for review of the Superior Court's dismissal of his Petition. Because they were untimely, they were not "properly filed" under Section 2244(d). *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

Accordingly, Simmons did not have a "properly filed" Petition pending after October 26, 2012. This means that his one year statute of limitations began on October 26, 2012, and ended on October 26, 2013. Thus, his Petition in this Court, filed in June 2014, was untimely.[4]

**Simmons is Not Entitled to Equitable Tolling.**

Simmons' Petition is untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Simmons must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

In his Petition (Doc. 1) and in his Reply (Doc. 21), Simmons appears to argue that he is entitled to equitable tolling because he was prevented from acting diligently when the Department of Corrections' Legal Access Monitor took 101 days to respond to his complaint; because of this delay, he had to abandon the successive Rule 32 petition that he had been preparing and, instead, start to prepare his Habeas Petition. (Doc. 21 at 12-14) In support of this argument, Simmons points to his written request for copies on December 11, 2013, and his complaint to the Legal Access Monitor about that request on December 19, 2013. (Doc. 21 at Ex. C) But both of these dates are more than a year after the expiration of time to appeal the Superior Court's dismissal of Simmons' Rule 32 petition. Thus, by the time Simmons filed his request for copies, his one year statute of limitations to file his habeas petition in this Court had already run. Accordingly, this argument is unavailing.

---

[4] Even assuming, as Respondents do, that Simmons' post-conviction proceedings did not end until the Court of Appeals dismissed his petition for review on April 10, 2013, his Petition in this Court would still be untimely.

- 5 -

Simmons filed a "Notice of Complaint" in this case which describes the ways in which the Arizona Department of Corrections obstructed his ability to timely file his habeas petition and he asks for judicial intervention. (Doc. 14)  In this motion, Simmons describes his challenges to timely filing his habeas petition and alleges that he was prevented from accessing his legal materials. (*Id.* at 2-5)  However, Simmons' motion does not describe any such challenges before July 2014, which was after the statute of limitations had expired. (*Id*. at 2)  Again, this argument is unavailing.

**IT IS THEREFORE RECOMMENDED** that Wayne Calvin Simmons' petition for writ of habeas corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the following motions filed by Petitioner Wayne Calvin Simmons be denied as moot:

- Motion for Court Intervention (Doc. 14).
- Motion of Complaint; for the Court' "Prohibition" and the "None-Acknowledging of Petitioner Variety of Motions in Which He Requested to Be E-Filed by ADOC Eyman Complex Meadow's Unit Library's Legal Unit, in Reply to State's Response (Doc. 23).
- Motion for Nunc Pro Tunc Order to Compel the Court to Enter and File Legal Motion which the Clerk Fail to File Upon the Previous Action of Submission by Petitioner (Doc. 24).
- Motion (Nunc Pro Tunc) to Exceed All Applicable Page Limits; and to Diversify and Expand Petitioner's Reply to Respondent's Response to His Habeas Petition (Doc. 25).
- Motion (Nunc Pro Tunc) to Dismiss for (Lack of Jurisdiction (as to conviction)); by Denial of Statutory Due Process Right to Timely File the Transcript and Minute of the (Grand Jury Indictment Proceeding) Also [A] Miscarriage of Justice (Doc. 27).

- Motion to Compel Initation of a "Declaration and Authority of (Judicial Comity) and (Judicial Efficiency) in Opposition to All Procedure Bar; by Miscarriage of Justice. ect (Doc. 28).
- Motion for Nunc Pro Tunc Filing of Exhibits (Doc. 29).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 2nd day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge