NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Calvin Simmons,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-01415-PHX-SRB<br><br>**ORDER** |

  Petitioner, Wayne Calvin Simmons, filed a Petition for Writ of Habeas Corpus in this Court on June 23, 2014 raising 18 separate claims. On April 2, 2015, the Magistrate Judge issued his Amended Report and Recommendation recommending that the Petition be denied as untimely because it was not filed within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge also found that Petitioner was not entitled to equitable tolling of the one-year statute of limitations. On April 15, 2015, Petitioner filed three documents in this Court in response to the Amended Report and Recommendation. They are entitled: 1) Reaction to oppose the court's and respondent's applied Report and Recommendation and order due to proceeded "Nullified Jurisdictions" which occurred in Rule 32 proceeding by (prosecutorial procedure default), misconduct, and contempt and (Defiance of-oath-of- office-duty), and succumbing to prosecutor's inducement, which all, infringed Petitioner Due Process to have Equal Protection and Fairness of the Law by Rule 32 Management Unit Judge (Doc. 33), 2)

1  "Declaration" to declare an "exemption" against the (Ariz. State court rules of untimely
2  provisions) and the (federal district court's A.E.D.P.A on year limitations) due to
3  ineffective assistance of counsel (Doc. 34), 3) "Declaration" to declare a degree of
4  "immunity" against the federal A.E.D.P.A statute of limitation) and the (states court's un-
5  timely review provisions) via an abandonment and ineffective Rule 32/advisory counsel)
6  and via (case authority holdings); to (liberally construe), and (hold to Less Stringent
7  Standard); respect to (pro ee litigants pleadings); in opposition to the court's and
8  respondent's applied objection of the proposed finds and recommendations (Doc. 35).

   Petitioner does not dispute the procedural history of this case from the date of his conviction until the filing of his Petition for Writ of Habeas Corpus in this Court. With respect to the tolling of the one-year statute of limitations, Petitioner argues that the Petition for Special Action to the Arizona Supreme Court that he filed to challenge the Arizona Superior Court's denial of his Petition for Post-Conviction Relief rather than filing a Petition for Review to the Arizona Court of Appeals should result in the tolling of the statute of limitations. However, as noted by the Magistrate Judge in his Report and Recommendation, a special action is not an application for state post-conviction or other collateral review within the meaning of § 2244(d)(2), quoting Hardiman v. Galaz, 58 Fed. Appx. 708, 710 (9th Cir. 2003) and other cases. See, Doc. 32, Amended Report and Recommendation, at 4. Petitioner also argues that he is entitled to equitable tolling because of what he characterizes as errors of his attorney, the prosecuting attorney and the judge in connection with his Rule 32 proceedings. He also argues again that the filing of his Special Action petition to the Arizona Supreme Court somehow entitles him to equitable tolling.

   Petitioner concedes that he may have made blunders but because he is a lay person proceeding without an attorney and because his attorney allegedly abandoned him, was ineffective and incompetent, and committed professional misconduct against him he should be excused from the one-year statute of limitations. These grounds for equitable tolling are different from the grounds that were originally argued to the Magistrate Judge.

1. Even if considered by this Court, they do not allow for equitable tolling.  Additionally, the complaints he is making about his attorney, the prosecuting attorney and the judge occurred during his Rule 32 proceedings when the statute of limitation was tolled by operation of law.  Petitioner presents no facts to support equitable tolling during the period of time that the statute of limitations was running.

In his two declarations, also filed on April 15, 2015, Petitioner asks that he be exempted from the statute of limitations and asks that he be granted immunity from the statute of limitations. This Court is not authorized to grant either such request.  The Court agrees with the Amended Report and Recommendation of the Magistrate Judge that the Petition for Writ of Habeas Corpus filed in this Court on June 23, 2014 was untimely and, therefore, this Petition must be denied and dismissed with prejudice.

IT IS ORDERERED overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge (Doc. 33).

IT IS FURTHER ORDERED adopting the Amended Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 32)

IT IS FURTHER ORDERED denying Petitioner's declarations requesting immunity against the statute of limitations and an exemption from the statute of limitations (Docs. 34 & 35).

IT IS FURTHER ORDERED denying Petitioner's Petition for Writ of Habeas Corpus and dismissing the Petition with prejudice.

IT IS FURTHER ORDERED denying a certificate of Appealability and leave to proceed *in forma pauperis* on appeal because dismissal of the Petition is justified by a plan procedural bar and jurists of reason would not find the ruling debatable.

Dated this 12th day of May, 2015.

_____
Susan R. Bolton
United States District Judge